Charles W. Coe
LAW OFFICE OF CHARLES W. COE
810 W 2nd Avenue
Anchorage, Alaska 99501
Ph: (907) 276-6173
Fax: (907) 279-1884
charlielaw@gci.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LOLA FERGUSON, | ) |
| | ) Case No.3:11-cv-_____ (__) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY, | ) **COMPLAINT** |
| | ) |
| Defendants. | ) |

COMES NOW, the plaintiff, LOLA FERGUSON, by and through her attorney CHARLES W. COE, and for her complaint against defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY, does state and allege as follows:

Ferguson v. State Farm.
Case No. 3:11-cv-_____
Complaint
Page 1 of 14

Case 3:11-cv-00081-JWS   Document 1   Filed 04/18/11   Page 1 of 14

1. Plaintiff is a resident of the state of Alaska residing in Anchorage.

2. At all times hereto, defendants were and are out of state corporations licensed by the State of Alaska and doing business in the state of Alaska and subject to the jurisdiction of this Court.

3. That there is diversity between the parties and the amount in controversy is in excess of $100,000. This Court has proper jurisdiction pursuant to 28 USC § 1332 due to the amount in controversy and the residency of the parties.

4. Defendants are liable for the actions and/or failures to act of its employees and representatives under theories of respondeat superior and/or agency and/or vicarious liability (STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY, COMPANY, and their employees are herein after referred to as "State Farm").

5. On or about April 15, 2009, the plaintiff was injured in an automobile collision in which she was insured by State Farm for underinsured motorist (UM) coverage in the amount of $100,000 per person and $300,000 per collision. The policy number 054-6652-D21-02A was in the name of Robert M. Ferguson, her husband, and insured her and her vehicle.

Ferguson v. State Farm.
Case No. 3:11-cv-_____
Complaint
Page 2 of 14

Case 3:11-cv-00081-JWS   Document 1   Filed 04/18/11   Page 2 of 14

6. The collision on April 15, 2009 was caused by the negligence of Connie Wood.

7. The collision caused injuries to plaintiff including but not limited to injuries to her shoulder, back, and spine.

8. Connie Wood was insured by 21st Century Insurance at the time of this collision and had inadequate insurance coverage to fully cover the plaintiff's losses due to the collision that occurred.

9. The medical bills, records, and wage loss information were submitted to defendant, by her counsel to State Farm's representative/adjuster.

10. State Farm has yet to pay any of plaintiff's outstanding losses under the plaintiff's underinsured auto policy.

11. Plaintiff's collision that occurred and the liability of the underinsured tortfeasor for plaintiff's injuries and damages are undisputed.

12. State Farm has determined that Connie Wood was at fault for one hundred percent of plaintiff's damages related to this collision and plaintiff is not comparatively at fault for the collision that occurred.

13. Plaintiff, through counsel, made numerous demands for the limits of plaintiff's policy due to the severity of her injuries as well as for the undisputed

sums owed that State Farm agrees are owed to the plaintiff.

14. Connie Wood is an underinsured motorist under the terms of State Farm's insurance policy covering plaintiff in her auto collision of April 15, 2009. State Farm provided plaintiff written permission to accept the limits of Connie Wood's insurance policy as well as allow her to proceed with her underinsured motorist claim.

15. State Farm has completed or has had adequate time to fully complete its adjustment of plaintiff's underinsured motorist claim pursuant to 3 AAC 26.050.

16. The auto collision in this case caused plaintiff to suffer injuries to her back, neck, spine, and shoulder. Also, this collision caused plaintiff to incur past and future medical expenses, surgery costs, wage loss, loss of profits, impairment, disability, pain/suffering and loss of enjoyment of life.

17. Connie Wood would be liable for past and/or future: medical expenses, wage loss, loss of profits, diminished earning capacity, impairment, loss of employment benefits, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages in an amount greater than $100,000 (One Hundred

Ferguson v. State Farm.
Case No. 3:11-cv-_____
Complaint
Page 4 of 14

Case 3:11-cv-00081-JWS   Document 1   Filed 04/18/11   Page 4 of 14

Thousand Dollars).

Ferguson v. State Farm.
Case No. 3:11-cv-_____
Complaint
Page 5 of 14

18. State Farm contractually obligated itself to pay ". . . damages not exceeding the limits shown on the Declarations Page, which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury caused by an accident and sustained by such insured person.".

19. As of this date, State Farm has paid plaintiff nothing pursuant to her underinsured motorist coverage, including any amount that they evaluate is owed or that they reserve to be paid in this claim.

20. Plaintiff is a first party insured under State Farm's policy. State Farm must treat its first-party insureds with the same regard as it treats its own interests when it comes to adjustment of her claims.

21. Instead of paying the damages which State Farm determines that its insured suffered in an auto collision caused by the underinsured driver, State Farm held the money owed to date in breach of its contract covering the plaintiff.

22. State Farm has an improper motive for holding the money instead of paying at least the amount it deems is owed to her requiring the plaintiff to bring this action for breach of contract and negligence in its handling of her

claim for underinsured motorist coverage.

23. State Farm has no provisions to arbitrate this claim and requires plaintiff as well as their other insureds to file lawsuits within a two year period under their contract from the date of their collision or losses in order for their insured to fully recover for their damages under their State Farm insurance contract.

24. This refusal to arbitrate or pay at least the undisputed amount of claims results in the insured incurring additional costs and attorney fees to fully recover for their losses under their State Farm insurance contract which is intended to cover these losses.

25. The State Farm policy fails to provide for ways to resolve disputes of damages for underinsured motorist claims and State Farm is in breach of this contract for not paying this claim.

26. State Farm had an improper motive for declining to have arbitration provisions in their policies which forces their insureds, including the plaintiff to obtain counsel and file suit to obtain the benefits of their policy.

27. State Farm, through its adjusters, considers the ability of State Farm to seek attorney fees and costs against its own insureds in litigation as a factor

in declining to have arbitration of these types of claims on their policies as well as forcing their own insureds to file suit to collect the value of their damages for losses caused by underinsured motorists.

28. State Farm changed a long standing practice in Alaska of having contract provisions in their policies which allowed arbitration of underinsured motorist claims. In denying this State Farm had bad motives for choosing to force insureds to litigate instead of arbitrate first-party claims, including deterring plaintiff with confusion on how to proceed in the absence of arbitration and/or causing plaintiff to incur litigation expenses. This unreasonably puts State Farm's financial interests ahead of its first-party insured's interests for their own financial gain by considering which forum will award less money to plaintiff in its decision making process and/or exposing plaintiff to State Farm's attorney fees or costs if the case goes to trial thereby raising the stakes and expense of disputing a first party claim by their insureds.

29. The cost of litigating an injury through jury trial in the Anchorage Superior Court or US District Court can be over $50,000 for each party when costs, expert fees, and attorney fees for litigating this claim are combined.

30. State Farm knew or should have known of this expense in drafting

Ferguson v. State Farm.
Case No. 3:11-cv-_____
Complaint
Page 8 of 14

Case 3:11-cv-00081-JWS   Document 1   Filed 04/18/11   Page 8 of 14

this contract and in disputing this claim.

31. State Farm knows that most people do not have the financial resources to litigate a case against an insurance company through a trial in order to resolve their insurance claim disputes and uses this to discourage their own insureds from pursuing claims to obtain the proceeds of their State Farm insurance contract.

32. State Farm breaches the covenant of good faith and fair dealing in not declaring unambiguously to the insured that the insured will have to sue its own carrier whom it contracted with and in further exposing the insured to financial ruin in cases where the trier of fact decides State Farm's highest offer (made frequently immediately before trial) is more than the value of plaintiff's case. This breach further occurs when a long time insured such as the plaintiff is not notified of the refusal to arbitrate this type of claim.

33. State Farm makes money by investing premiums paid by customers while paying claims over time and by denying the full value of its insureds claims including the plaintiff's claim.

34. State Farm declined to pay this claim after the available information was provided in violation of AS 21.36.125 (a)(4).

Ferguson v. State Farm.
Case No. 3:11-cv-_____
Complaint
Page 9 of 14

Case 3:11-cv-00081-JWS   Document 1   Filed 04/18/11   Page 9 of 14

35. State Farm failed to attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear in violation of AS 21.36.125(a)(6).

36. State Farm engaged in a pattern or practice of compelling insureds to litigate for recovery of amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in actions brought by those insureds in violation of AS 21.36.125(a)(7), as well as by requiring them to file suit within a two year period after a collision under the terms of their contract.

37. State Farm compelled its insured in this case in which liability is clear to litigate for recovery of an amount due under an insurance policy by not offering an amount that does not have an objectively reasonable basis in law and fact and has not been documented in the insurer's file in violation of AS 21.36.125(a)(8).

38. State Farm failed to pay those portions of the claim not in dispute within 30 working days after the receipt of a properly executable statement of claim, proof of loss, or other acceptable evidence of loss in violation of 3 AAC 26.070(a)(2).

Ferguson v. State Farm.
Case No. 3:11-cv-_____
Complaint
Page 10 of 14

Case 3:11-cv-00081-JWS   Document 1   Filed 04/18/11   Page 10 of 14

39. State Farm's conduct is governed by AS 21.36.125(a) and 3 AAC Chapter 26.

40. State Farm knew or should have known of the rules set forth in AS 21.36.125(a) and 3 AAC Chapter 26.

41. Violation of AS 21.36.125(a) is a breach of the covenant of good faith and fair dealing as well as negligence or a breach of its contract with the insured.

42. Violation of AS 21.36.125(a) is evidence breach of the covenant of good faith and fair dealing as well as negligence and breach of its contract with the plaintiff.

43. Violation of 3 AAC Chapter 26 is a breach of the covenant of good faith and fair dealing with the plaintiff by State Farm.

44. The above violations of the Alaska Administrative Code are unfair claim settlement practices in violation of AS 21.36.125 by State Farm, resulting in damages to the plaintiff. Also see 3 AAC 26.010(a) and (b).

45. Requiring insureds to file lawsuits against State Farm to resolve first-party insurance claims is an unreasonable and unconscionable act against its insureds and the plaintiff.

Ferguson v. State Farm.
Case No. 3:11-cv-_____
Complaint
Page 11 of 14

Case 3:11-cv-00081-JWS   Document 1   Filed 04/18/11   Page 11 of 14

46. In failing to advise insureds when they purchase the insurance of the expenses involved in litigating and the exposure for State Farm's attorney fees in litigation as well as the lack of arbitration under the policy is unreasonable and unconscionable.

47. State Farm is liable to the plaintiff for compensatory and punitive damages for breach of contract and value of her losses.

48. The defendant is liable for compensatory damages, including mental distress, and punitive damages for breach of the covenant of good faith and fair dealing in an amount within the jurisdiction of this court. The exact amount to be set by the trier of fact.

49. State Farm is liable for punitive or exemplary damages for reckless disregard, and/or willful disregard, and/or wanton disregard for plaintiff's interests and for outrageous conduct, reckless indifference and conscious action and deliberate disregard for plaintiff's interests or other in an amount the trier of fact deems just.

50. The defendant's conduct was outrageous, including acts done with malice or bad motives, or evidenced reckless indifference to the interests of another person.

Ferguson v. State Farm.
Case No. 3:11-cv-_____
Complaint
Page 12 of 14

Case 3:11-cv-00081-JWS   Document 1   Filed 04/18/11   Page 12 of 14

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant for an amount within the jurisdiction of this court to be established by the trier of fact, plus interest, costs and attorney fees and such relief as the court deems just and equitable

DATED this 15th day of April, 2011.

> By: /s/ Charles W. Coe
> Attorney for Plaintiff
> 810 W 2nd Avenue
> Anchorage, Alaska 99501
> Phone: (907) 276-6173
> charlielaw@gci.net
> ABA#7804002

Ferguson v. State Farm.
Case No. 3:11-cv-_____
Complaint
Page 14 of 14

Case 3:11-cv-00081-JWS   Document 1   Filed 04/18/11   Page 14 of 14