UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| LOLA FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-00081 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| STATE FARM MUTUAL | ) | [Re:   Motions at Docket 12 and 20] |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## I.  MOTION PRESENTED

At docket 12, defendant State Farm Mutual Automobile Insurance Company ("defendant" or "State Farm") moves pursuant to Federal Rules of Civil Procedure 21 and 42 to sever and stay the bad faith claims asserted against it.  Plaintiff Lola Ferguson ("plaintiff" or "Ferguson") opposes the motion at docket 19.  Defendant's reply is at docket 24.  Oral argument was requested by plaintiff in a motion at docket 20, but would not assist the court.

## II.  BACKGROUND

Ferguson was involved in an automobile accident in April 2009.  The driver of the other vehicle was insured by 21st Century Insurance.  Ferguson settled her liability claim against the other driver for the limits of the other driver's insurance policy in July 2010. Ferguson had underinsured motorist ("UIM") coverage with State Farm.  She maintains that she is entitled to and has made numerous demands of State Farm for the limits of

her UIM policy.  Ferguson claims that she provided State Farm with all necessary documentation and that State Farm took no steps to process her claim.  Ferguson filed suit in April 2011 and asserted claims for a host of statutory violations (some of which can be characterized as "bad faith" claims), breach of contract, and breach of the covenant of good faith and fair dealing.

### III.  DISCUSSION

Rule 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[1]  "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case."[2]  In insurance cases, courts frequently bifurcate bad faith claims when they would be precluded by resolution of a breach-of-contract claim in the insurance company's favor.[3]

As plaintiff points out, even if a jury determined that State Farm was not liable on Ferguson's breach-of-contract claim, plaintiff's claim for breach of the covenant of good faith and fair dealing would go forward.  That is because Ferguson's bad faith claims are largely based on State Farm's inaction.  Consequently, bifurcation would neither expedite nor economize this case.  State Farm's argument that settlement of the UIM claim or a verdict in the range of what Ferguson has already recovered would reduce the likelihood that plaintiff would pursue the bad faith claim is speculative.  If the claim is not settled, or a jury finds that Ferguson is entitled to more than what she has already recovered, then two trials would be necessary and judicial economy would not be furthered.

State Farm's primary argument is that the bad faith claims should be severed to avoid prejudice.  State Farm's argument is conclusory–State Farm does not explain how

---

[1]Fed. R. Civ. P. 42(b).

[2]*Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) (citing *O'Malley v. United States Fidelity and Guaranty Co.*, 776 F.2d 494, 501 (5th Cir. 1985)).

[3]*See, e.g., id.* at 1007–08.

the evidence that might support a bad faith claim would "prejudice the outcome of a trial on the UIM claim."[4]  State Farm relies heavily on *Gibson v. GEICO Gen. Ins. Co.*,[5] to support its position that evidence intended to prove anything beyond "liability, causation and damages"[6] is prejudicial, irrelevant, or both.  But State Farm ignores a critical distinction–the plaintiff in *Gibson* "did not allege bad faith on the part of" the insurer.[7]  The court noted specifically that "insurer bad faith was not an issue."[8]  State Farm's argument "that the trial in this case on the UIM claim should be handled the same as in *Gibson*" is therefore not persuasive.[9]

State Farm has not advanced an argument that severance would be convenient.  Because the court has determined that Ferguson's bad faith claims need not be severed, State Farm's request for a protective order staying discovery on those claims is moot.

### IV.  CONCLUSION

For the reasons above, State Farm's motion at docket 12 to sever plaintiff's bad faith claims pursuant to Federal Rule 42(b) is **DENIED**.  State Farm's request for a protective order staying discovery on plaintiff's bad faith claims is **DENIED**.

Ferguson's motion at docket 20 for oral argument is **DENIED** as moot.

DATED at Anchorage, Alaska, this 18th day of October 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[4]Doc. 12 at 7.

[5]153 P.3d 312 (Alaska 2007).

[6]Doc. 12 at 5.

[7]*Gibson*, 153 P.3d at 315.

[8]*Id.* at 316.

[9]Doc. 12 at 8.